UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**MARCUS E. IVY**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 4:16CV-P77-JHM**

**HENDERSON CO. DETENTION CTR.** *et al.*  **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Marcus E. Ivy's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee incarcerated at the Henderson County Detention Center (HCDC). He brings suit pursuant to 42 U.S.C. § 1983 against HCDC; the "City of Henderson Co"; HCDC Jailer Ron Herrington; HCDC Deputy Thomas Everhart; HCDC Sergeant Hall; and HCDC Deputy Knight. He sues Defendants Herrington, Everhart, and Hall in their individual and official capacities but does not specify in which capacity he sues Defendant Knight.

As his statement of the claim, Plaintiff alleges that his rights were violated on or around June 1, 2016, when one of his credit cards was released from his property. He states:

> The day the card was released I told booking I had numerous credit cards in my property instead of getting my wallet and letting me show him the proper card he went in my property while I was not present and released wrong card to someone who illegall charged over 1100 dollars. The booking officer Deputy Everheart was told blue credit card and released a gold credit card resulting in me losing the funds to make Bond.

Plaintiff indicates that on June 8, 2016, he requested information showing that Defendant Everhart "signed off the right card but got no response from the jail or the Lt. Buckman the

supervisor of the shift." He further indicates that on June 12, 2016, he discovered that "Booking released the wrong card the blue card was still in my wallet gold card was missing. At that time Booking said sorry let me call cancel card but my money is gone do to neglect of my property by Jail Staff." He claims that the "jail failed to list what credit cards where in wallet jail neglect of property. Items should have been logged in all individual jail failed to do so makes them liable."

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief in the form of "release on bond because my money is gone due to neglect of property."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

Plaintiff alleges that his credit card was lost resulting in the loss of $1,100 due to neglect by Defendant Everhart and "Jail Staff." The loss of his personal property, however, does not give rise to a constitutional violation.

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *See Parratt v. Taylor*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due

process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. For these reasons, Plaintiff's claim of property loss due to neglect of jail officials fails to state a claim upon which relief may be granted.

Accordingly, the instant action will be dismissed by separate Order.

Date: December 1, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4414.005

4